UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-20527-SCOLA
MAGISTRATE JUDGE REID

STEPHEN D. LEONARD,

    Plaintiff,

v.

THE STATE OF FLORIDA,
et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

The Plaintiff, Stephen D. Leonard, a prolific *pro* se filer, currently confined at the Dade Correctional Institution, in Miami, Florida, has filed this latest civil rights complaint, pursuant to 42 U.S.C. §1983, against the State of Florida, the Florida Department of Corrections, the Dade Correctional Institution, Sgt. M. Speights, Capt. J. Rodriguez, and Chaplain J. Godbolt. The Plaintiff asserts that his constitutional rights were violated when his multiple requests for "legal supplies" were denied by corrections officers. [DE 1] at 4. The Plaintiff further alleges that he was "harassed" by the corrections staff following his repeated reporting of

1

grievances and was ultimately placed in "solitary confinement." *Id*. at 9-10. The Plaintiff has filed an implied motion to proceed *in forma pauperis* ("IFP"). [DE 3].

Since the Plaintiff is a *pro se* litigant, the undersigned has construed the complaint liberally, pursuant to *Haines v. Kerner*, 404 U.S. 519 (1972). This latest filing, opened as a new §1983 case, has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. §636(b)(1)(B), (C); FED.R.CIV.P. 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

While pleadings drafted by *pro se* litigants must be liberally construed, the Court may review Plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §1915A. Since Plaintiff is a prisoner seeking redress against governmental entities, employees, or officers, his complaint is subject to screening under 28 U.S.C. §1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. *See* 28 U.S.C. §1915A; *Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007)(*per curiam*). Because it is determined that the Plaintiff has

2


qualified for status as a "three-striker," under the provision of the Prison Litigation Reform Act ("PLRA"), this current filing is subject to dismissal.[1]

### §1915(g) Standard

It is clear is that the Plaintiff is attempting to proceed IFP in an effort to bring a new civil action or revive a previously closed civil action, but before he can do so in federal court, he must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321 (1996). Title 28 U.S.C. §1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief maybe granted, unless the prisoner is under imminent danger of serious physical injury.

The constitutionality of the foregoing provision of the PLRA, referred to as "three strikes provision," has been comprehensively explored and upheld by the

---

[1] This Court takes judicial notice of its own records as well as records filed in another court pursuant to Federal Rule of Evidence 201(b) and (c). *See United States v. Glover,* 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)("A court may take judicial notice of its own records and the records of inferior courts."); *United States v. Jones,* 29 F.3d 1549, 1553 (11th Cir. 1994)(indicating that documents filed in another court may be judicially noticed)(*quoting Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388-89 (2d Cir. 1992)).

Eleventh Circuit Court of Appeals. *See Rivera v. Allin*, 144 F.3d 719 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007).  Specifically, the Eleventh Circuit has determined that the new "three strikes" IFP provision does not violate an inmate's the First Amendment right of access to the courts; the doctrine of separation of judicial and legislative powers; the Fifth Amendment's right to due process of law; or, an inmate's right to equal protection.  *Id*. at 721-27.

## **Prior Filing History**

A search of the United States Court's PACER (Public Access to Court Electronic Records) system has revealed that, as of this date, Plaintiff has filed the following prior qualifying predicates, which support the finding that he is and remains a three-striker, pursuant to 28 U.S.C. §1915(g):

1. *Leonard v. Monroe County Sheriff's Office*, 16-CV-10046-JEM. Dismissed for failure to state a claim upon which relief can be granted.

2. *Leonard v. State of Florida*, 17-CV-14248-JAL.  Dismissed for failure to state a claim upon which relief can be granted, *affirmed* on appeal. 17-15658-USCA- 11.

3. *Leonard v. Monroe County, Florida, et. al.,* 18-CV-10139-JEM. Dismissed for failure to state a claim upon which relief can be granted.

4. *Leonard v. George Washington University Hospital*, 17-5194, United States Court of Appeals for District of Columbia. *Affirmed* district court's dismissal, 16-CV-02047-RC, United States District Court for the District of Columbia, for failure to state a claim upon which relief could be granted.

5. *Leonard v. Monroe County Sheriff's Office*, 16-17172, United States Court of Appeals for the Eleventh Circuit. On its own motion, the Court dismissed the appeal as "frivolous."

To the extent other filings by the Plaintiff have been dismissed for other reasons, including lack of prosecution, etc., those cases have not been considered by this Court. They do not count as strikes for purposes of §1915(g). *See Daker v. Comm'r, Georgia Dep't of Corr's*, 820 F.3d 1278 (11th Cir. 2016), *cert. den'd sub nom., Daker v. Bryson*, ___ U.S. ___, 137 S.Ct. 1227 (2017), *reh'g den'd,* ___ U.S. ___, 127 S.Ct. 2257 (2017).  In *Daker,* the Eleventh Circuit reiterated that only three specific grounds render a dismissal a strike for purposes of §1915(g): "frivolous," "malicious," and "fails to state a claim upon which relief can be granted." *Id.* The Eleventh Circuit concluded that "neither 'lack of jurisdiction' nor 'want of prosecution' are enumerated grounds, so a dismissal on either of those bases, without more, cannot serve as a strike." *Id.*

Nevertheless, from careful review of the on-line PACER Case Locator, it is evident that the Plaintiff is a litigious filer, having filed numerous additional §1983 actions. This Court need not relist them here, since it is clear the Plaintiff has

sufficient prior filings to support the finding that he is a litigious filer. Since the enumerated prior filings constitute a strike for purposes of §1915(g), dismissal is warranted. *See Allen v. Clark*, 266 Fed.Appx. 815, 817 (11th Cir. 2008)(dismissal of actions which constitute abuses of the judicial process may count as strikes under 1915(g))(*citing Rivera v. Allin*, 144 F.3d 719, 723 (11th Cir. 1998), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). Consequently, this §1983 action is subject to dismissal under §1915(g).

## "Imminent Danger" Exception

As a result of his "three striker" status, the Plaintiff is barred from proceeding IFP in this or any other federal court, pursuant to 28 U.S.C. §1915(g), unless he can show that he was under imminent danger of serious physical injury at the time he filed his complaint. At the time of filing, the Plaintiff is housed at the Dade Correctional Institution, and this lawsuit does not assert any claims that give rise to a finding that he is in imminent danger of serious physical injury.

To invoke the exception to §1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. *Niebla v. Walton Correctional Inst.*, 2006 WL 2051307, *2 (N.D.Fla. July 20, 2006)(*citing*

*Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)(conclusory assertions insufficient to show imminent serious physical injury) and *White v. State of Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998)). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat ... is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). No such showing has been made here.

Review of the Plaintiff's recent complaint reveals that the Plaintiff has not alleged, let alone demonstrated, that he was in imminent danger of serious physical injury at the time of the filing of the complaint or that serious physical injury is imminent. *See* Complaint. [DE 1]. The Plaintiff's allegations do not suggest a pattern of misconduct evidencing the likelihood of imminent serious physical injury. *Id.* The Plaintiff has failed to make the requisite demonstration to overcome dismissal.

Since the Plaintiff does not qualify under the imminent danger exception to §1915(g). Dismissal of the instant civil rights action is, therefore, appropriate.

## **Injunctive Restrictions**

Further, at this juncture, it is also recommended that the District Court enter an order prohibiting the Plaintiff from filing future *pro se Bivens* or civil rights

actions, or future motions in any previously filed and closed civil action. As the Eleventh Circuit has held in the habeas context:

> Injunctive restrictions on filings by abusive litigants are 'necessary and prudent' in order to curb conduct that would impair the rights of other litigants and the courts' ability to carry out their Article III functions. *Procup v. Strickland*, 792 F.2d 1069, 1071, 1073 (11th Cir. 1986) (*en banc*) (*per curiam*). Therefore, district judges have considerable discretion to impose even severe restrictions on what such individuals may file and how they must behave, though the conditions must not have the effect of completely foreclosing access to the courts. *Id.* at 1074. Re-imposing filing fees on indigent litigants is one available restriction, although any injunction prohibiting IFP filings must be carefully tailored to minimize the exclusion of legitimate claims. *Miller v. Donald*, 541 F.3d 1091, 1096–97 (11th Cir. 2008) (discussing such restrictions in the non-habeas context).

*Simmons v. Warden,* 589 F. App'x 919, 923 (11th Cir. 2014); *see also, Sassower v. Fidelity & Deposit Co.*, 49 F.3d 1482, 1483 (11th Cir. 1995)(directing Clerk of Court to refuse any further filings from appellant who had repeatedly filed frivolous petitions for certiorari and applications to proceed *in forma pauperis* unless the appellant paid the Court's filing fee or obtained a certification from the district court that his appeal was not frivolous). In *Simmons*, the Eleventh Circuit thus made clear that the Court has the discretion to order the Clerk not to accept any further filings from a *pro se* litigant, who has repeatedly and vexatiously challenged a prior

judgment. *Simmons*, 589 F. App'x at 923. Given the Plaintiff's continued frivolous filings in this district, it is recommended that the Court take action to ensure the Plaintiff does not continue to divert judicial resources. It is recommended that the District Court enter an order prohibiting the Plaintiff from filing any further *pro se* civil rights actions or any pleadings seeking to reopen or otherwise argue any matter in those civil actions which have already been adjudicated and have been closed by this court.

## **Recommendation**

Based upon the foregoing, it is recommended that: (1) the complaint [DE 1] be **DISMISSED**, pursuant to 28 U.S.C. §1915(g); (2) that any pending motions not otherwise ruled upon be dismissed; and, (3) that this civil action be **CLOSED**. It is further recommended that the Court enter an order instructing the Clerk that this Plaintiff be restricted from filing any future *pro se* civil rights actions or any civil motion in any previously filed and closed civil action.

Dismissal with leave to amend would not be appropriate here because an amendment would be futile in that any amended complaint filed based on the same allegations presented here and attempted claims as argued would still be properly dismissed. *See Judd v. Sec'y of Fla.*, 2011 WL 2784422, *2 (M.D.Fla. June 3, 2011)(recommending that Plaintiff not be permitted to file an amended complaint in

light of the Eleventh Circuit's decision in *Johnson* in that any amended complaint would be frivolous); s*ee generally Spaulding v. Poitier*, 548 F. App'x 587, 594 (11th Cir. 2013)(holding that magistrate judge did not abuse his discretion in denying Plaintiff leave to amend his complaint because such an amendment would have been futile)(*citing Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007).

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790,794 (1989); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *RTC v. Hallmark Builders, Inc*., 996 F.2d 1144, 1149 (11th Cir. 1993).

SIGNED this 26th day of February, 2019.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:
Stephen D. Leonard
448091
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034
PRO SE